FARGROVE NAVIGATION CO., Limited, v. LAVINO, & CO.

(District Court, E. D. Pennsylvania. June 6, 1911.)

No. 6.

SHIPPING (§ 49*)—CHARTERS—DISPATCH MONEY.

   A charter party for the carriage of a cargo of iron ore provided that the cargo should be loaded "at the rate of 250 tons per working day of 24 consecutive hours. * * * Sundays and holidays excepted," also, that "loading and discharging time to count from 6 a. m. * * * Sundays and holidays and time between 1 p. m. Saturdays and 7 a. m. Mondays not to count as lay days," and that dispatch money should be allowed "for every day saved, excluding forward Sundays and legal holidays." Held that, in computing dispatch money for days saved, fractions as well as whole days should be counted, and that unused Saturdays should be counted as 7 hours only and Mondays as 23 hours.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 187–202; Dec. Dig. § 49.*]

In Admiralty. Suit by the Fargrove Navigation Company, Limited, as owner of the Steamship Bardsey, against Lavino & Co. Decree for libelant.

Edward F. Pugh, for libelant.
James Collins Jones, for respondent.

J. B. McPHERSON, District Judge. The Bardsey, a British steamship owned by the libelant, was chartered by a Belgian corporation to carry a cargo of iron ore from Rio de Janeiro to Philadelphia. The ore was delivered to the respondents, who agreed to pay the stipulated freight and did pay almost all of it, but deducted certain sums for dispatch money, averred to have been earned both in loading at Rio and in discharging at Philadelphia. The dispute is over the proper method of calculating this money. The relevant provisions of the charter party are as follows:

"3. The cargo to be loaded and discharged in a period calculated at the rate of 250 tons per working day of 24 consecutive hours (weather permitting) for each operation, Sundays and holidays always excepted, etc. * * * Time for loading and discharging under this charter to be reversible and usable at either end, and dispatch money or demurrage to be settled at port of discharge.

"4. Loading and discharging time to count from 6 a. m. after steamer has been entered, etc.; * * * Sundays and holidays and time between 1 p. m. Saturdays and 7 a. m. Mondays not to count as lay-day hours, but if charterers can arrange to load or discharge during this period, or before time commences to count, captain to allow work to be done notwithstanding that time so used is not to count. * * *"

"6. Demurrage (if any) at the rate of fourpence per net register ton per day, or pro rata for any portion of a day, and owners to pay dispatch money at half this rate for every day saved, excluding forward Sundays and legal holidays."

These provisions are to be construed together, and are to be harmonized as far as possible. Thus construed, I think they mean, that (1) the period allowed for lay days is to be determined on the basis that in order to load or discharge each 250 tons of cargo 1 working day of 24 consecutive hours may be needed; (2) but in determining this period Sundays and holidays are not to be included, nor the time between 1 p. m. Saturday and 7 a. m. Monday; and (3) allowances both for demurrage and for dispatch are to be computed, not by whole days alone, but also by fractions of a day. "Holidays" include half holidays, as need hardly be said (Holman v. Gans S. S. Line [C. C. A.] 186 Fed. 98), and "every day saved" evidently means a "day," not in its ordinary signification, but in the special signification given by the combined provisions of the charter. The days saved in loading and in discharging were unusually numerous in the present case, so that each period embraces several Saturdays and several Mondays, and the dispute centers around this point. The respondents count the unused Saturdays and Mondays as if they were full days of 24 hours each, while the libelant contends that Saturday should be counted as a half day only of 7 hours, and Monday should consist of 23 hours instead of 24. I agree with the libelant. In my opinion, "day," in this charter, has a qualified meaning when applied to Saturday and Monday, and this meaning should prevail. Dispatch money is a premium offered for hastening a definite task. Here the parties agreed upon a certain rate per "day," but explained that they used this word in a qualified sense. The respondents however are now seeking to extend the meaning so as to make all the permitted lay days alike in length, in spite of the definite language of the contract, which expressly shortened two of them.

The provisions of this charter differ from those of any other that has been considered in reported cases, but the discussion in some of them may be helpful. Red "R" S. S. Co. v. North American Trans. Co., 91 Fed. 168, 33 C. C. A. 432; The Muirfield (D. C.) 174 Fed. 75; Holman v. Gans Line, supra.

A decree may be entered in favor of the libelant, with costs.